UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIZABETH PETERS,<br><br>    Plaintiff,<br><br>  v.<br><br>SOCIAL SECURITY ADMINISTRATION<br>and MCFARLAND MENTAL HEALTH<br>CENTER,<br>    Defendants. | Case No. 17-cv-01494-JES-JEH |

## ORDER AND OPINION

This case comes before the Court on Defendant McFarland Mental Health Center's Motion (Doc. 25) to Vacate Judgment. In a text order dated August 29, 2018, this Court granted default judgment against McFarland Mental Health Center ("McFarland") and noted that Plaintiff did not have a valid claim against the Social Security Administration ("SSA"). The SSA was dismissed in a text order dated September 4, 2018. On the same day, the Court entered judgment (Doc. 22) against McFarland. This was in error. Because the Court lacks jurisdiction over McFarland, the judgment is void, and Defendant's Motion (Doc. 25) to Vacate Judgment is hereby GRANTED.

### BACKGROUND

Plaintiff is a *pro se* litigant who claimed in her Complaint (Doc. 1) that McFarland reported false information to SSA, causing them to wrongfully withhold three months of social security payments. Doc. 1, p. 2. She also claimed that McFarland wrongfully withheld her prescription medications and Bible when she departed from the facility. *Id.* at 2–3. An administrator at McFarland accepted service on January 31, 2018, and an authorized party

1

accepted service for SSA on February 14, 2018. Docs. 10, 11. Neither Defendant filed any answer or responsive motion within the appropriate deadlines, nor for months afterward; the first filing from either Defendant is the instant Motion to Vacate by McFarland. The Court entered default against McFarland on May 8, 2018. On August 7, 2018, in a text order denying Plaintiff's Motions for Offer of Proof and Writ (Docs. 16, 17), the Court instructed Plaintiff to show within fourteen days the basis for this Court's jurisdiction over SSA. Plaintiff failed to sufficiently allege grounds for such jurisdiction. Accordingly, the Court dismissed SSA from the case and granted default judgment against McFarland in a text order on August 29, 2018.

McFarland Mental Health Center is an Illinois Department of Human Services ("IDHS") facility. According to Defendant, IDHS only became aware of this case on October 2, 2018, when they were served with a copy of the final judgment, rather than on January 31, 2018 when McFarland was served. McFarland does not allege that service was improper. Instead, McFarland alleges that this Court lacks jurisdiction for two reasons: 1. "McFarland" is inseparable from IDHS, a state entity immune from suit under the Eleventh Amendment, and 2. the Court has no personal jurisdiction over McFarland because it is not a suable legal entity. Doc. 25, p. 2. These arguments are correct, and this order follows.[1]

### LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(4) permits the Court to relieve a party from a final judgment where the judgment is void. Indeed, where the underlying judgment is void, the denial

---

[1] The better course for the sake of judicial economy would have been for Defendant to enter an appearance and move to dismiss ten months ago, when McFarland was served. However, the law permits them to raise the jurisdictional objection after the judgment has been entered. *See Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381 (1998); *but see id.* at 394 ("I have my doubts about the propriety of this rule. In permitting the belated assertion of the Eleventh Amendment bar, we allow States to proceed to judgment without facing any real risk of adverse consequences. Should the State prevail, the plaintiff would be bound by the principles of res judicata. If the State were to lose, however, it could void the entire judgment simply by asserting its immunity on appeal.") (J. Kennedy, dissenting).

2

of a motion to vacate the judgment is *per se* abuse of discretion. *See United States v. Indoor Cultivation Equipment from High Tech Indoor Garden Supply*, 55 F.3d 1311, 1317 (7th Cir. 1995). The underlying judgment is void where the court rendering it did not have jurisdiction over the parties. *See Philos Technologies, Inc., v. Philos & D, Inc.*, 645 F.3d 851, 855 (7th Cir. 2011) ("A court has no discretion to deny a Rule 60(b)(4) motion to vacate a judgment entered against a defendant over whom the court lacks personal jurisdiction, regardless of the specific reason such jurisdiction is lacking.").

## DISCUSSION

*(1) The Eleventh Amendment Bars Jurisdiction*

When a private plaintiff brings a suit against an entity of the state, the Eleventh Amendment generally bars the suit unless the state waives immunity or Congress has abrogated the state's immunity. *See Brunken v. Lance*, 807 F.2d 1325, 1329 (7th Cir. 1986); *Kroll v. Board of Trustees of University of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991). McFarland is an arm of IDHS, which in turn is a state entity. Failure to raise an Eleventh Amendment objection at "the outset of the proceedings" is not an express waiver of a state's immunity. *Raygor v. Regents of University of Minnesota*, 534 U.S. 533, 547 (2002). Illinois has waived immunity only with respect to suits governed by the Illinois Public Labor Relations Act, the Court of Claims Act, the State Officials and Employees Ethics Act, and § 1.5 of the Immunity Act. 745 ILCS 5/1. Plaintiff has not brought her suit under any of those laws, and if she had, such a suit would belong in an Illinois state court. *See Benning v. Board of Regents of Regency University*, 928 F.2d 775, 777–78 (7th Cir. 1991). Congress has not abrogated state immunity in this situation. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989) ("The Eleventh Amendment bars [§ 1983 suits for deprivations of civil liberties] unless the State has waived its immunity."). As such,

McFarland, and by extension IDHS, are protected from this suit by the Eleventh Amendment, and the Motion to Vacate Judgment is GRANTED.

*(2) Lack of Personal Jurisdiction Over McFarland*

Defendant contends that, in the alternative, the Court did not have personal jurisdiction over McFarland because it is not a suable entity independent from IDHS. Doc. 25, p. 5. Under Federal Rule of Civil Procedure 17(b), capacity to be sued is determined by the forum state's law. In Illinois, a defendant must have legal existence separate from its governing body in order to be suable itself. *See Jackson v. Village of Rosemont*, 536 N.E.2d 720, 723 (Ill. App. 1988). Federal courts in Illinois have found that mental health facilities such as McFarland are inseparable from their governing bodies, and thus are not suable. *See Manney v. Monroe*, 151 F. Supp. 2d 976, 988 (N.D. Ill. 2001) (Cermak Health Services non-suable entity); *Service Employees International Union, Local 73, on behalf of Condon v. County of Cook*, 2014 WL 793114 (N.D. Ill. 2014) (not reported) (Cook County Health and Hospital Systems non-suable entity); *Holmes v. Read Mental Health Center*, 1997 WL 567842 (N.D. Ill. 1997) (not reported) (Read Mental Health Center non-suable entity if run by the Illinois Department of Mental Health and Developmental Disabilities); *Tynes v. Illinois Veterans Homes*, 2012 WL 4518816 (C.D. Ill. 2012) (not reported) (Veterans Home non-suable entity). Thus, the Court lacked personal jurisdiction over McFarland, which is inseparable from IDHS.

Courts have construed suits against *employees* of non-suable entities as suits against their governing bodies. *See, e.g. Johnson v. Cook County Sheriff's Office*, 2018 WL 2193235 (N.D. Ill. 2018) ("Even where the employee works for a non-suable entity, such as CCHHS, the claim is considered to be against the suable entity that oversees the non-suable entity.") (citing *Morton v. Dart,*, 2017 WL 4785925 (N.D. Ill. 2017)). However, Plaintiff has not named any individuals in

this suit. Even if the Court were to construe her claim against McFarland as a claim against IDHS, the Eleventh Amendment would preclude our consideration of the suit, as described above.

*(3) Alternative Methods to Seek Relief*

As stated above, the Eleventh Amendment prevents Plaintiff from seeking monetary damages against a State entity. However, monetary damages might be available in an individual-capacity suit against a specific employee. To prevail in such a suit, Plaintiff would have to show that the employee acted under color of state law and that his or her conduct violated Plaintiff's "rights, privileges, or immunities secured by the Constitution or laws of the United States." *Lanigan v. Village of East Hazel Crest, Illinois*, 110 F.3d 467, 471 (7th Cir. 1997). The Court notes that deprivation of Plaintiff's personal property is likely not a constitutional violation, given the availability of a state post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Greco v. Guss*, 775 F.2d 161, 169 (7th Cir. 1985) ("An unauthorized intentional deprivation of property by a state employee does not constitute a due process violation if the state provides a meaningful postdeprivation remedy."); *Zinermon v. Burch*, 494 U.S. 113, 129 (1990) ("[I]t was clear that the State, by making available a tort remedy that could adequately redress the loss, had given [the plaintiff] the process he was due."); *see also Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993) ("In sum, we hold that because the state of Illinois provides Stewart with an adequate postdeprivation remedy, Stewart's due process rights were not violated when Stateville officers confiscated and destroyed his property in violation of IDOC regulations.") (referring to the Illinois Court of Claims Act, 705 ILCS 505/8). Plaintiff would therefore need to allege some other unconstitutional action or show how an Illinois Court of

5

Claims suit was an inadequate remedy. She would also be required to serve a summons and Amended Complaint upon any newly-identified Defendants.

Alternatively, Plaintiff could sue an employee of McFarland in their official capacity. In that situation, she would only avoid an Eleventh Amendment dismissal if she sought prospective injunctive relief for an ongoing violation of federal law. *Ex parte Young*, 209 U.S. 123, 159–60 (1908). "*Ex parte Young* cannot be used to obtain an injunction requiring payment of funds from the State's treasury, or an order for specific performance of a State's contract." *Virginia Office for Protection and Advocacy v. Stewart*, 563 U.S. 247, 256–57 (2011) (internal citations omitted). Plaintiff would be limited to her claim for non-monetary relief (such as her Catholic Bible, which she claims McFarland has wrongfully withheld), and she would be required to serve a summons and complaint upon the official responsible for the deprivation of her property. Again, in order to prevail in such a suit, Plaintiff would have to show that a state court claim was not an adequate post-deprivation remedy. *See McGinnis*, 5 F.3d at 1036.

Plaintiff is proceeding *pro se*, and is thus entitled to have her filings construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). She has not yet had the opportunity to amend her Complaint in this case, and indeed had no particular cause to when Defendants chose to remain silent until after the judgment was entered. Thus, if Plaintiff wishes to amend her Complaint in order to attempt to correct the above-listed deficiencies, she may do so within fourteen days of the entry of this Order. Any claim for monetary damages from McFarland, IDHS, or their employees in their official capacities will be dismissed as barred by the Eleventh Amendment. If Plaintiff does not amend her Complaint within fourteen days, it will be dismissed for lack of jurisdiction. No part of this Order prevents Plaintiff from bringing her case in state court pursuant to state law such as the Illinois Court of Claims Act.

6

## CONCLUSION

For the reasons stated herein, Defendant's Motion (Doc. 25) to Vacate Judgment is GRANTED. Plaintiff may amend her Complaint within fourteen days if she wishes to bring this suit against individual employees of McFarland. If no Amended Complaint is filed within fourteen days, this action will be dismissed without prejudice for lack of jurisdiction.

Signed on this 13th day of November, 2018.

/s James E. Shadid
James E. Shadid
Chief United States District Judge