**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ELIZABETH PETERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-01494-JES-JEH |
| | ) | |
| KATHLEEN TREANOR and ZHIHONG ZHANG, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**ORDER AND OPINION**</u>

This case comes before the Court on Defendants' Motion to Dismiss (Doc. 55) for lack of

subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Defendants filed a supporting memorandum (Doc. 56), and Plaintiff filed a Response (Doc. 61).

For the reasons that follow, the Motion to Dismiss is GRANTED.

**BACKGROUND**

Plaintiff is a *pro se* litigant seeking relief against employees of McFarland Mental Health

Center for (1) reporting false information to the Social Security Administration ("SSA"), causing

a loss of three months of social security payments and (2) wrongfully withholding her

prescription medications and Catholic Bible when she left the facility. Doc. 33, p. 4. Originally,

Plaintiff brought this case against the institution of McFarland itself and the Social Security

Administration—she sought and received default judgment against McFarland when they failed

to respond to her claims, and the claim against the Social Security Administration was dismissed

for lack of jurisdiction. Doc. 22; September 4, 2018 Text Entry. However, McFarland

successfully moved to vacate that judgment on October 24, 2018 by indicating to the Court that

McFarland is an arm of the Illinois Department of Human Services, which is immune from suit under the Eleventh Amendment. Doc. 25. The Court therefore vacated the judgment and gave Plaintiff the opportunity to amend her complaint, noting that the deprivation of Plaintiff's property by a state entity was likely best addressed by the Illinois Court of Claims and that any suit against individual employees of McFarland would likely be limited to prospective injunctive relief. Doc. 29, p. 6.

Plaintiff filed her Amended Complaint (Doc. 33) against two individual employees of McFarland, whom she claims are responsible for her lost Social Security wages, prescription medications, and Bible. These Defendants now move to dismiss the Amended Complaint on two grounds: (1) Plaintiff has failed to state a claim for relief with respect to the lost Social Security wages, as she was prohibited by law from receiving Social Security benefits while she was at McFarland and the employees played no role in causing her confinement there, and (2) this Court lacks jurisdiction to grant her relief with respect to the medications and Bible because the Illinois Court of Claims Act provides the Court of Claims with exclusive jurisdiction over suits against state employees that would operate to subject the State to liability. Doc. 56, pp. 2–6. Plaintiff contends that "The State of Illinois Court of Claims cannot address the violation of plaintiff's constitutional and civil rights by the defendants, which is documented in the filings on the case docket. This is a federal court complaint and will not be solved in the State of Illinois Court." Doc. 61, p. 3. She further contends that the defendants were acting outside of their capacities as State of Illinois employees when they committed the alleged acts. *Id*. This Order follows.

## LEGAL STANDARD

Courts may dismiss complaints for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). In evaluating a complaint for subject matter jurisdiction, courts

accept all well-pleaded facts and draw all reasonable inferences in favor of the plaintiff, but may look outside the pleadings to determine whether subject matter jurisdiction exists. *See Evers v. Astrue,* 536 F.3d 651, 656 (7th Cir. 2008); *St. John's United Church of Christ v. City of Chicago*, 502 F.2d 616, 625 (7th Cir. 2007). Additionally, courts may dismiss complaints that fail to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Courts likewise accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff in determining whether the complaint states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

## DISCUSSION

The Court finds that Plaintiff fails to state a claim for which her sought Social Security wages are available as relief. While Plaintiff alleges that she did not receive Social Security benefits because of a clerical error involving the entry of a criminal conviction date into a Social Security database, the records attached to Defendants' motion clearly indicate (and Plaintiff does not dispute) that she was confined to McFarland from April 2017 until July 2017 as unfit to stand trial for a criminal charge. Doc. 56, Exhs. 1–4. Under 42 U.S.C. § 402(x)(1)(A), Plaintiff was not eligible to receive these benefits while she was confined at McFarland in connection with her criminal trial. As such, the relief she seeks in the Complaint is unavailable, even taking as true her assertions that Defendants entered false criminal convictions into a Social Security database. The Court therefore GRANTS dismissal with respect to Plaintiff's claim for monetary damages arising from nonpayment of Social Security benefits.

Plaintiff's remaining claims involve Defendant Treanor's alleged wrongful withholding of Plaintiff's prescription medications and Bible. According to Plaintiff, Defendant Treanor's failure to return her prescription medications and Bible violated clearly-established federal law

3

and her constitutional right to due process, given that she received neither pre- nor post-deprivation hearings with respect to that property. Doc. 33, pp. 6–9. Plaintiff claims that she asked Defendant Treanor to include her prescriptions and Bible with her property when she learned she would be discharged, and that Defendant Treanor assured her those would be included with her property, yet they ultimately were not. *Id*. at p. 27.

Defendants hold that Plaintiff's claims for her personal property are barred by sovereign immunity, even if Defendant Treanor wrongfully withheld Plaintiff's medications and Bible. That is, because she was a state employee allegedly breaching a duty that only arose due to her employment with the state, sovereign immunity applies and the only remedy available is through the Illinois Court of Claims. *See Fritz v. Johnston*, 807 N.E.2d 461, 466–67 (Ill. 2004); *see also Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (no due process violation because state claims court is adequate post-deprivation remedy). The Court finds that because Plaintiff's claim against Defendant Treanor (whether in her individual or official capacity) is based on an alleged breach that arose solely from her employment with the state entity of McFarland, sovereign immunity bars jurisdiction over that claim. The Court GRANTS dismissal on the personal property claims as well, for lack of jurisdiction. Plaintiff is reminded that the Illinois Court of Claims is an appropriate forum in which to seek recovery of her belongings against a state institution.

On July 22nd, 2019, Plaintiff filed a document entitled "Notice of Transfer." Doc. 68. The filing is unclear about its intended effect—Plaintiff cites Fed. R. Civ. P. 3, asks that the Seventh Circuit "hear the above complaint," and requests a hearing "for the appellees/defendants to pay the appellant/plaintiff's money, which are not disputed dollars." Doc. 68, p. 3. Plaintiff has previously attempted to appeal in this case, filing an appeal while awaiting an answer to her

Amended Complaint. Doc. 36. As the Seventh Circuit noted at that time, Plaintiff's case was not yet at an end, and the appellate court therefore lacked jurisdiction. Doc. 44 (Mandate in Case No. 19-1129). To the extent that Plaintiff intended for this recent filing to act as a motion for an interlocutory appeal, and in the interest of saving Plaintiff an additional $505 filing fee, the motion is moot in light of this dispositive order.[1] If Plaintiff is inclined to appeal this order, she is directed to file a Notice of Appeal within 30 days of the entry of the judgment or order appealed from, pursuant to Federal Rule of Appellate Procedure 4(a)(1).

### CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (Doc. 55) is GRANTED for lack of jurisdiction. The Clerk is directed to forward Plaintiff a copy of Appellate Form 1, *Notice of Appeal to a Court of Appeals From a Judgment or Order of a District Court*. This matter is now terminated.

Signed on this 24th day of July, 2019.

/s James E. Shadid
James E. Shadid
United States District Judge

---

[1] For clarity, if Plaintiff were granted leave to file an interlocutory appeal, she would be obligated to pay a $505 filing fee. When that interlocutory appeal concluded, she would be directed back to the district court, and an appeal of a final order on the motion to dismiss would require an additional $505 filing fee. Because this order terminates the matter, an appeal by Plaintiff after this point will only require one filing fee.